| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**Edmond M. George, Esquire**<br>**Angela L. Baglanzis, Esquire (*pro hac vice*)**<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>**Woodland Falls Corporate Park**<br>**200 Lake Drive East, Suite 110**<br>**Cherry Hill, NJ  08002-1171**<br>**Telephone: 856-795-3300**<br>*Counsel to the Debtor-in-possession* | |
| In re:<br><br>COMPUTA-BASE MACHINING, INC.,<br><br>Debtor. | Chapter:      11<br>Case No.:    18-30856<br>Hearing Date: February 26, 2019 at 2:00 pm<br>Judge:        Andrew B. Altenburg, Jr. |

**DEBTOR'S MOTION FOR AN ORDER DISMISSING
DEBTOR'S CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Computa-Base Machining, Inc. (the "Debtor"), by and through its proposed counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby files this Motion for an Order Pursuant to 11 U.S.C. § 1112(b) dismissing its Chapter 11 case (the "Motion"), and in support thereof, the Debtor will rely on the Certification of Agustin Rosado, the President of the Debtor, and further respectfully represents as follows:

**I.     PROCEDURAL BACKGROUND**

1.    On October 19, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code").

2.    The Debtor is operating as Debtor in possession, and remains in custody and control of its assets pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. No creditors committee has been appointed in this Chapter 11 case by the United States Trustee. No Trustee or examiner has been appointed in the Debtor's pending Chapter 11 case.

## II.    FACTUAL BACKGROUND

5. The Debtor is engaged in the production of precision-engineered machined parts for the aerospace and defense industry. The Debtor has been operating profitably for over thirty (30) years.

6. The Debtor has recently had issues in obtaining progress payments from the United States, particularly, the Department of Defense ("DOD"), though all work has been timely completed. Delays in payment have caused the Debtor cash flow issues.

7. Concerned by the impact of the United States' failure, and the possibility that the cash flow shortages would increase Debtor's liabilities, the Debtor sought protection under the Bankruptcy Code.

8. It is important to note that at the Petition Date, the Debtor had not defaulted on any of its contractual obligations to its creditors.

9. Since the Petition Date, the Debtor has been negotiating with DLA, the administrative entity for DOD contracts for the Navy, and counterparty with respect to many of its contracts, regarding the completion or rejection of a number of contracts.

10. The Debtor is obligated to its secured lender 1st Colonial Community Bank, (the "Lender") on a certain line of credit facility (the "Loan") made prepetition in the amount of

approximately $430,000.00 as well as for a PMSI for certain equipment owned by the Debtor in the amount of approximately $53,000.00 (the "Prepetition Obligations").

11. The Debtor's assets are fully encumbered by the Lender. There are no free assets to administer.

12. There is no equity in the assets upon which the Lender asserts a blanket lien, including its accounts receivable, and its machinery and equipment (the "Prepetition Collateral"). See Exhibit "A" to Certification of Augustin Rosado.

13. The Lender has asserted first priority security interests in and liens on the Prepetition Collateral to secure the Prepetition Obligations. The Lender also has a separate equipment financing PMSI in certain precision machining equipment.

14. Through negotiations, the Debtor and Lender have come to terms with respect to the continued operations of the Debtor and have concluded that conducting a wind down of operations outside of bankruptcy best serves the interest of all creditors.

15. Kaman Industrial Technologies Corporation ("Kaman"), a vendor of the Debtor, and the Debtor have reached an agreement for the Debtor to return the bearings, which are subject to a reclamation claims, and for DLA to pay Kaman directly. This agreement is still being reduced to a writing, but the Debtor believes it will be formalized by the Hearing Date on this Motion.

16. The Debtor has attempted to sell its company but has had no success. The minority and Veteran status of the Debtor, though beneficial for seeking contractual set asides, encumbers efforts to sell.

17. Accordingly, the Debtor began focusing on a consensual wind down, which would address the claims of the Lender.

18. The Debtor believes with its major creditor issues resolved, and little unsecured debt, that it need not incur the expense and delay occasioned by continuing the instant Chapter 11 proceedings.

## II. BASIS FOR RELIEF

19. Nothing in § 1112(b) of the Bankruptcy Code prohibits a debtor from moving for dismissal of its own case. The statute only requires that the request be made by a "party in interest." 11 U.S.C. § 112(b). The term "party in interest" is not defined in the Bankruptcy Code, but it is axiomatic that a debtor constitutes a party in interest for purposes of moving for dismissal of its own case.

20. Where the debtor has alleged the ability to address claims of creditors outside the protection of the Bankruptcy Code, continuation of a bankruptcy case does not serve a bankruptcy purpose. *See e.g. AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.)*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007) ("The list [contained in § 1112(b)(4)] is not exhaustive, and a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."(emphasis added)).

21. Accordingly, the Debtor and its Lender agreed on how to address the Lender's claim outside of the jurisdiction of this Court.

22. Thus, the Debtor desires to dismiss its pending Chapter 11 proceedings.

23. The Debtor avers that "cause" exist for dismissal.

24. Since there is no statutory definition of "cause" and cases citing factors constituting "cause" are non-exclusive, "[a] court may consider other factors as they arise and may 'use its equitable powers to reach an appropriate result in individual cases.'" *Mechanical*

4

*Maintenance,* 128 B.R. 382, 386 (E.D. Pa. 1991) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903) (citations omitted).

25. Here, the Debtor believes it can address and pay creditor claims outside of the Chapter 11 case, and that its assets, fully encumbered to the Lender, present no opportunity for recovery inside the Chapter 11.

26. The Debtor's assets are fully encumbered to the Lender. See Exhibit "A" to Certification of Augustin Rosado, Debtor's Schedules of Assets and Liabilities.

27. The are no Chapter 5 avoidance claims which could be prosecuted for the benefit of unsecured creditors. See Exhibit "B" to Certification of Augustin Rosado, Debtor's Statement of Financial Affairs.

28. The Debtor's unsecured creditors are quite modest, and can be dealt with in the liquidation outside of bankruptcy court. See Exhibit "A" to Certification of Augustin Rosado, Debtor's Schedules of Assets and Liabilities.

29. The Debtor believes, and therefore avers based upon the foregoing, that "cause" exists for dismissal, and that dismissal is in the best interest of its creditors.

30. Since there is no equity in the Debtor's property, and no claims to recover for creditors, and because the Debtor has little in the way of unsecured debt, and is current with the Lender, further administration is not necessary or appropriate.

31. The Debtor no longer needs the assistance of the Bankruptcy Court in addressing the issues which caused the filing of the Chapter 11 Petition in the first instance.

32. Where, as here, a debtor no longer requires the protection of the Bankruptcy Code and the Bankruptcy Court, such debtor has established cause for dismissing the bankruptcy case.

33. Accordingly, the Debtor avers that dismissal is in the best interests of creditors.

4852-3982-2981

**WHEREFORE**, the Debtor prays this Honorable Court enters an order in the form attached (a) dismissing without prejudice, the Debtor's pending Chapter 11 bankruptcy case; and (b) providing such other and further relief as the Court deems just and equitable.

### STATEMENT OF NO BRIEF REQUIRED

In accordance with D.N.J. LBR 9013-1(a)(3) no brief is being filed with respect to this Motion since the principles of law are set forth in the Motion and are not in dispute.

Respectfully Submitted,

Dated: February 1, 2019    By: */s/ Edmond M. George, Esquire*
Edmond M. George, Esquire
Angela L. Baglanzis, Esquire (*pro hac vice*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Woodland Falls Corporate Park
200 Lake Drive East, Suite 110
Cherry Hill, New Jersey 08002-1171
*Counsel to Computa-Base Machining, Inc.*

4852-3982-2981