UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esq. (JS 5127)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 18-30856 (ABA) |
| Computa Base Machining, Inc. | : Chapter 11 |
| Debtor. | : The Honorable Andrew B. Altenburg |
| | : Hearing Date: February 28, 2019 at 10:00 a.m. |

**CROSS-MOTION OF THE ACTING UNITED STATES TRUSTEE FOR AN ORDER CONVERTING CASE TO CHAPTER 7, AND IN OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER DISMISSING DEBTOR'S CHAPTER 11 <u>CASE PURSUANT TO 11 U.S.C. § 1112(b)</u>**

The Acting United States Trustee ("U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities, hereby files this opposition (the "Objection") to the Debtor's Motion for an Order Dismissing Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) (the "Motion") (ECF No. 56) [1], and hereby respectfully cross-moves under 11 U.S.C. § 1112(b) for an order converting this case to a chapter 7 case (the "Cross-Motion").

1. This Court has jurisdiction to hear and determine this Objection and Cross-Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by this Objection and Cross-Motion.

## BACKGROUND AND RELEVANT FACTS

### A. The Bankruptcy Case.

4. On October 19, 2018 (the "Petition Date"), the Debtor, Computa Base Machining, Inc. filed a voluntary Chapter 11 petition. *See* Certification of Kirsten Ardelean (the "Ardelean Cert.") at ¶ 2.

5. The U. S. Trustee has not appointed an Official Committee of Unsecured Creditors in this case. *See id.* at ¶ 3.

6. Since the Petition Date, the Debtor has remained in possession of its property and management of its affairs. *See id.* at ¶ 4.

7. The Debtor produces precision engineered parts for the aerospace and defense industry. *See id.* at ¶ 5.

### B. The Debtor's Schedules.

8. Pursuant to the Debtor's schedules, the Debtor has personal assets consisting of cash, a security deposit, accounts receivables, inventory, furniture and fixture, software,

transportation equipment, three vehicles and machinery and equipment totaling approximately $2.74 million. *See id.* at ¶ 6.

9. Also, pursuant to the schedules, 1st Colonial Community Bank holds a lien against all of the Debtor's assets totaling approximately $450,000. *See id.* at ¶ 7. In addition, 1st Colonial Community Bank holds a lien against a specific piece of equipment in the approximate amount of $64,000. *See id.*

10. Although the Debtor sets forth that its unsecured creditors are "quite modest, and can be dealt with in the liquidation outside of bankruptcy court", the Debtor actually listed in its schedules 59 unsecured creditors totaling approximately $420,000. *See id.* at ¶ 8.

**C.    The Motion.**

11. On February 1, 2019, the Debtor filed the Motion seeking to voluntarily dismiss this case. *See id.* at ¶ 9.

12. The Debtor sets forth in the Motion that a dismissal is appropriate because it has reached resolutions with its secured creditor, 1st Colonial Community Bank, and one of its unsecured creditors, Kaman Industrial Technologies Corporation. *See id.* at ¶ 10.

13. The Debtor also provides that "cause" exists to dismiss the case because "the Debtor believes it can address and pay creditor claims outside of the Chapter 11 case, and that its assets, fully encumbered to the Lender, present no opportunity for recovery inside the Chapter 11." *See id.* at ¶ 11.

14. However, it appears that the Debtor's case can be wound-down in a chapter 7 case by a chapter 7 trustee for the benefit of all 59 unsecured creditors. In addition, it appears from the Debtor's schedules that 1st Colonial Community Bank is well oversecured, which would allow for a meaningful distribution to unsecured creditors in a chapter 7 case.

**D.    The Cross-Motion.**

15.    The U.S. Trustee cross-moves for an order converting the case to chapter 7.

16.    The Debtor has failed to file any monthly operating reports since the inception of the case including the months of October 2018, November 2018 and December 2018. *See id.* at ¶ 12.

17.    For the reasons set forth below, the case should not be dismissed but converted to chapter 7.

## APPLICABLE LAW AND ANALYSIS

18.    11 U.S.C. § 1112(b)(1) provides:

> Except as provided in paragraph (2)[1] and subsection (c),[2] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a)[3] of a trustee or an examiner is in the best interests of creditors and the estate.

---

[1]    11 U.S.C. § 1112(b)(2) states:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–

- A. there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
- B. the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
  (i)  for which there exists a reasonable justification for the act or omission; and
  (ii) that will be cured within a reasonable period of time fixed by the court.

[2]    11 U.S.C. § 1112(c) states:

The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[3]    11 U.S.C. § 1104(a) states:

4

19. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

    (H) failure timely to provide information or attend meetings reasonably requested by the Acting United States Trustee (or the bankruptcy administrator, if any);

    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

    (J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

---

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
    (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
    (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

5

   (K) failure to pay any fees or charges required under chapter 123 of title 28;

   (L) revocation of an order of confirmation under section 1144;

   (M) inability to effectuate substantial consummation of a confirmed plan;

   (N) material default by the debtor with respect to a confirmed plan;

   (O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and

   (P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

  20. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008)(Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

  21. Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of the case.

  22. Here, the Debtor has failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. The Debtor has failed to file monthly operating reports with the Office of the United States Trustee since the inception of the

6

case including the months of October 2018, November 2018 and December 2018. *See* Ardelean Cert. at ¶ 12.

23. The Debtor's failure to file these reports hinders the Court's, the U. S. Trustee's and the creditors' ability to monitor the operations of the Debtor. For example, in the absence of reports, it is impossible to determine whether the Debtor is operating at a profit, whether the Debtor is current with its post-petition obligations, whether the Debtor has paid the correct quarterly fees to the U.S. Trustee, or whether the Debtor has the ability to confirm a feasible plan of reorganization within a reasonable period of time.

24. In addition, once "cause" is established, the Court may decide whether the case be dismissed or converted based on the best interests of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1).

25. Here, the Debtor believes that "cause" exists to dismiss the case and that dismissal is in the best interest of its creditors and the estate. The Debtor sets forth that it believes it can address and pay its creditors outside of bankruptcy and that its assets are fully encumbered to 1st Colonial Community Bank. *See* ECF No. 56-1 at page 5 of 6. However, although 1st Colonial Community Bank appears to have a lien against all of the assets of the Debtor, it appears that the Debtor has assets well in excess of the amount owed to 1st Colonial Community Bank. *See* ECF No. 36 at pages 2-7 of 23.

26. The U.S. Trustee agrees with the Debtor that "cause" exists to convert or dismiss this case. However, the U.S. Trustee believes that a conversion to chapter 7 would be in the best interests of creditors and the estate. A conversion to chapter 7 would allow a chapter 7 trustee to liquidate the assets of the Debtor, which pursuant to the Debtor's schedules are well in excess of

7

the liens held by 1st Colonial Community Bank, and fund a distribution to unsecured creditors. This would be accomplished under the watchful eyes of a chapter 7 trustee and the Court.

27. If the Court agrees with the Debtor that the case should be dismissed, the Debtor should be required to file all monthly operating reports and pay all statutory fees pursuant to 28 U.S.C. § 1930(a)(6) within 15 days of the entry of an order dismissing the case.

## CONCLUSION

WHEREFORE, in light of the foregoing, the U.S. Trustee respectfully requests that the Cross-Motion to convert to chapter 7 be approved and that the Motion be denied, and that the Court grant such further relief as is just and equitable.

          Respectfully submitted,

          ANDREW R. VARA
          ACTING UNITED STATES TRUSTEE
          REGION 3

          By:   */s/* Jeffrey M. Sponder
                 Jeffrey M. Sponder
                 Trial Attorney

Dated: February 5, 2019