| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>SHIPMAN & GOODWIN LLP<br>400 Park Ave., Fifth Floor<br>New York, NY 10022-4406<br>Tel:   (212) 376-3010<br>Fax:   (212) 376-3024<br>sforte@goodwin.com<br>*Counsel for Kaman Industrial Technologies Corporation*<br>Stephen M. Forte, Esq. | |
| In re:<br><br>COMPUTA-BASE MACHINING, INC.,<br><br>Debtor. | Case No. 18-30856 (ABA)<br><br>Chapter 11<br><br>Hearing Date: Feb. 28, 2019<br>Hearing Time: 10:00 am<br>Judge: Andrew B. Altenburg, Jr. |

**RESPONSE TO MOTION FOR AN ORDER DISMISSING DEBTOR'S CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b) AND THE UNITED STATES TRUSTEE'S CROSS-MOTION FOR AN ORDER CONVERTING CASE TO CHAPTER 7**

Kaman Industrial Technologies Corporation ("**KIT**") hereby files this response to the Motion for an Order Dismissing Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) (Dkt. No. 56) (the "**Motion to Dismiss**") and the United States Trustee's Cross-Motion for an Order Converting Case to Chapter 7 (Dkt. No. 57) (the "**Cross-Motion**"). The Debtor asserts that it no longer needs the oversight of this Court because it has resolved its major creditor issues and the balance of its creditors' claims can be resolved through an out-of-court wind down.  The resolution of KIT's reclamation claim was one of the major creditor issues that was to be resolved in advance of this case being dismissed.  However, no settlement has been reached with KIT.  As a result, KIT respectfully requests that this Court continue the hearing on the Motion to Dismiss and Cross-Motion for thirty days to

allow time for the parties to attempt to resolve KIT's claim and seek this Court's approval of any resolution, upon notice to all parties in interest. In support of its response, KIT states as follows:

**I.     BACKGROUND**

1.     On or about October 19, 2018, Computa-Base Machining, Inc. (the "**Debtor**") received certain goods ordered from KIT under Invoice No. E571646 (the "Goods").

2.     In addition, on October 19, 2018, the Debtor filed the instant voluntary petition under Chapter 11.

3.     Because the Debtor failed to pay for the balance owed for the Goods, on or about October 31, 2018, KIT made a reclamation demand on the Debtor in accordance with 11 U.S.C. § 546(c). (Dkt. No. 35.)

4.     KIT filed a proof of claim for $82,566.39 for the outstanding amount owed for the Goods (Claim Register No. 3).[1]   KIT intends to amend this claim to include additional pre-petition liabilities of the Debtor.

5.     On February 1, 2019, the Debtor filed the Motion to Dismiss seeking to dismiss the case and wind down its operations outside of bankruptcy. In particular, "[t]he Debtor believes with its major creditor issues resolved, and little unsecured debt, that it need not incur the expense and delay occasioned by continuing the instant Chapter 11 proceedings." (Motion to Dismiss ¶ 18.) Central to the resolution of its major creditor issues, the Debtor states that KIT "and the Debtor have reached an agreement for the Debtor to return the [Goods], which are subject to a reclamation claim[], and for DLA to pay [KIT]

---

[1] KIT alternatively asserts that it has an administrative expense claim for such amount under 11 U.S.C. § 503(b)(9) and expressly reserves the right to move for the allowance of the same.

2

directly.  This agreement is still being reduced to a writing, but the Debtor believes it will be formalized by the [hearing date on the Motion to Dismiss]."  (Motion to Dismiss ¶ 15.)

6. However, to date, no agreement has been reached by the Debtor, KIT, and/or the U.S. Navy (or its contracting party).

7. On February 5, 2019, the U.S. Trustee filed the Cross-Motion seeking to convert the case to Chapter 7, because conversion of the case would be in the best interests of creditors since the Debtor's schedules show that there are assets in excess of the claims of the Debtor's secured lender.

**II.  RESPONSE**

8. KIT is a significant creditor of this estate and the resolution of its reclamation claim related to the Goods is integral to the Debtor's Motion to Dismiss.  However, no agreement has been reached — let alone memorialized — between KIT, the Debtor, and the U.S. Navy.  Thus, it is not the case that the Debtor has resolved "its major creditor" issues.  (Motion to Dismiss ¶ 18.)

9. While an agreement has not yet been reached, KIT remains optimistic that a resolution is possible.  KIT therefore respectfully requests that this Court continue the hearing on Motion to Dismiss and Cross-Motion for a period of approximately thirty days to allow the parties to continue to try to reach a resolution of KIT's claim.  This case should remain pending while the parties seek a resolution concerning KIT's reclamation claim to allow the Debtor to seek this Court's approval of such resolution, upon notice to all parties in interest.

10. This short delay does not prejudice the Debtor since the resolution of KIT's reclamation claim was one of the very reasons the Debtor was seeking to have its case dismissed in the first place.

11. If the Court does not continue the case as sought herein, KIT respectfully requests, for the reasons set forth in the Cross-Motion, that the case be converted to one under Chapter 7.

## III.  CONCLUSION

For the foregoing reasons, KIT respectfully requests that this Court (a) (i) continue the hearing on the Motion to Dismiss and Cross-Motion for at least thirty (30) days, or (ii) if the Court is not inclined to continue the hearing, enter an order converting the case to one under Chapter 7, or (b) grant such further relief as justice requires.

Respectfully submitted,

By: /s/ Stephen M. Forte
Stephen M. Forte, Esq.
SHIPMAN & GOODWIN LLP
400 Park Ave., Fifth Floor
New York, NY 10022-4406
Tel:  (212) 376-3010
Fax:  (212) 376-3024
*Counsel for Kaman Industrial Technologies Corporation*