| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **Edmond M. George, Esquire** <br> **Angela L. Baglanzis, Esquire (*pro hac vice*)** <br> **OBERMAYER REBMANN MAXWELL & HIPPEL LLP** <br> **Woodland Falls Corporate Park** <br> **200 Lake Drive East, Suite 110** <br> **Cherry Hill, NJ  08002-1171** <br> **Telephone: 856-795-3300** <br> *Counsel to the Debtor-in-possession* | |
| In re: <br><br> COMPUTA-BASE MACHINING, INC., <br><br> Debtor. | Case No.:    18-30856 <br> Chapter :    11 <br> Hearing Date: February 28, 2019 at 10:00 am <br> Judge:    Andrew B. Altenburg, Jr. |

**DEBTOR'S OPPOSITION TO THE CROSS-MOTION OF THE ACTING UNITED STATES TRUSTEE FOR AN ORDER CONVERTING THE CASE TO CHAPTER 7, AND DEBTOR'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER DISMISSING ITS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)**

Computa-Base Machining, Inc. (the "Debtor"), by and through its counsel, hereby files this Opposition to the Cross-Motion of the Acting United States Trustee for an Order Converting the Case to Chapter 7 ("Cross-Motion"), and Reply in Further Support of its Motion for an Order Pursuant to 11 U.S.C. § 1112(b) dismissing its Chapter 11 case (the "Motion"), and the Debtor relying on the Supplemental Certification of Agustin Rosado, the President of the Debtor, and states as follows:

**I.    Facts and Background**

1.    For over thirty (30) years, the Debtor operated profitably in the aerospace and defense industry in its production of precision-engineered machined parts.    See Supplemental Certification of Augustin Rosado at ¶2.

1

2. In connection with a certain line of credit made pre-petition, at the Petition Date the Debtor was obligated to its secured lender 1st Colonial Community Bank (the "Lender") in the amount of approximately $430,000.00, as well as for a PMSI for certain equipment owned by the Debtor in the amount of approximately $53,000.00 (the "Prepetition Obligations"). See Supplemental Certification of Augustin Rosado at ¶3.

3. The Lender has a blanket lien on all of the Debtor's assets, including its accounts receivable, and its machinery and equipment (the "Prepetition Collateral"). See Certification of Augustin Rosado.

4. Because the Debtor's assets are fully encumbered by the Lender, and there is no claim to avoid the Lender's liens, there are no free assets to administer. See Certification of Augustin Rosado.

5. The Debtor's schedules list the value of the Debtor's assets at cost without depreciation. The Debtor's office equipment was purchased approximately 13 - 28 years ago and as was most of the Debtor's machinery and equipment. See Supplemental Certification of Augustin Rosado at ¶5.

6. The Debtor listed fifty nine (59) creditors on its Schedule F, and of those creditors, seventeen (17) creditors were listed as being owed zero dollars. See Supplemental Certification of Augustin Rosado at ¶7.

7. The Debtor's largest unsecured creditor Kaman Industrial Technologies Corporation ("Kaman") is listed as being owed more than half of the total amount of unsecured debt. In addition, Kaman has asserted a reclamation claim in the bankruptcy case. See Supplemental Certification of Augustin Rosado at ¶8.

4849-0427-3033

8.	Of the remaining unsecured creditors, at the Petition Date, the Debtor owed approximately $70,000 on ten (10) credit card accounts. See Supplemental Certification of Augustin Rosado at ¶9.

9.	Separately the Debtor has had extensive negotiations with its Lender, the Department of Defense ("DOD"), and creditor Kaman with respect to their claims. See Supplemental Certification of Augustin Rosado at ¶10.

10.	Debtor had concluded that conducting a wind down of operations outside of bankruptcy best serves the interest of all creditors. See Supplemental Certification of Augustin Rosado at ¶11.

11.	In connection with Kaman's reclamation claim, the Debtor has agreed upon the return of the bearings to Kaman. While this agreement is still being reduced to a writing, and the Debtor and Kaman are working toward an amicable resolution. See Supplemental Certification of Augustin Rosado at ¶12.

12.	The Debtor opposes Kaman's request to adjourn the hearings for thirty (30) days. See Supplemental Certification of Augustin Rosado at ¶13.

13.	 The continued Chapter 11 administration is unnecessary to finalize an agreement with Kaman. The bearings can and will be returned to Kaman outside the bankruptcy case. The Debtor is willing to include in the dismissal order, a direction to return the bearing to Kaman. In addition, Kaman retains any rights and claims it has against the Debtor which can be asserted in a non-bankruptcy forum.   See Supplemental Certification of Augustin Rosado ¶¶13-14.

14.	The Debtor attempted to sell its company as a going concern; however as a minority and Veteran owned company, the Debtor has been unable to locate a suitable purchaser. This resulted in the Debtor focusing on a consensual wind down, which would address the claims

of the Lender, and allow the Debtor to continue to operate while addressing creditor claims. See Supplemental Certification of Augustin Rosado at ¶15.

15. Further the Lender will not advance additional moneys to the Debtor while it remains in Chapter 11. Without advances of additional moneys, the Debtor is unable to perform its obligations under numerous contracts, including those with the DOD. See Supplemental Certification of Augustin Rosado ¶16.

16. The Debtor believes that the remaining unsecured credit debt can be resolved outside of the Bankruptcy Court, and that it need not incur the expense and delay occasioned by continuing the instant Chapter 11 proceedings. See Supplemental Certification of Augustin Rosado at ¶17.

17. The Debtor believes a wind-down in a Chapter 7 case would not be in the best interest of the creditors, and that converting the Debtor's case would add an additional layer of administrative claims. See Supplemental Certification of Augustin Rosado at ¶18.

18. Upon conversion, the Debtor's operations would cease, as there would be no one to complete the work in process on the minority/veteran contracts. The Debtor's contracts are for specific services and cannot be assigned, and the DOD would oppose any efforts to do so. See Supplemental Certification of Augustin Rosado  ¶19.

19. In addition, a Chapter 7 Trustee would hire additional professionals including lawyers, accounts and an auctioneer to liquidate the estate. However, all of the assets are encumbered by the Lender who would seek relief from the stay. See Supplemental Certification of Augustin Rosado at ¶20.

20. The additional administrative expenses of a Chapter 7 combined with the current Chapter 11 administrative expenses would ensure no recovery to unsecured creditors. Thus,

4849-0427-3033

conversion of the Debtor case to a Chapter 7 would likely result in the estate becoming administratively insolvent. See Supplemental Certification of Augustin Rosado at ¶21.

21. The Debtor is current in its reporting obligations, and has filed monthly operating reports for October 2018, November 2018, December 2018, and January 2019. See Supplemental Certification of Augustin Rosado at ¶24.

22. The Debtor has also timely paid the Quarterly fee to the Office of the U.S. Trustee for the fourth quarter of 2018. See Supplemental Certification of Augustin Rosado at ¶25.

**II.    Relief Requested**

23. The Bankruptcy Code does not prohibit a debtor from moving for dismissal of its own case, and only requires that the request be made by a "party in interest". *See* 11 U.S.C. § 112(b).

24. Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert . . . or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for case . . .". 11 U.S.C. §1112(b)(1).

25. While §1112(b)(4) enumerates a list of factors that may constitute dismissal, such list not exhaustive and this Court may consider factors other than those specified in the bankruptcy code to determine if cause exists. *In re Ramreddy, Inc.*, 440 B.R. 103, 110 (Bankr. E.D. Pa. 2009).

26. Since there is no statutory definition of "cause" and cases citing factors constituting "cause" are non-exclusive, "[a] court may consider other factors as they arise and may 'use its equitable powers to reach an appropriate result in individual cases.'" *Mechanical*

5

*Maintenance,* 128 B.R. 382, 386 (E.D. Pa. 1991) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903) (citations omitted).

27. Accordingly, the Debtor and the Lender agreed on how to address the Lender's claim outside of the jurisdiction of this Court.

28. Through operations of the company outside of the Bankruptcy Court, and because the Debtor's unsecured creditors are quite modest, the Debtor believes that the creditor claims can be dealt with in the liquidation outside of bankruptcy court.

29. The nonconsensual liquidation of its assets and fully encumbered to the Lender present no opportunity for recovery inside the Chapter 11, or through conversion to a Chapter 7.

30. Further administration in a Chapter 11 will increase administrative costs and is not necessary or appropriate since there is no equity in the Debtor's property, no claims to recover for creditors, little in the way of unsecured debt, and is current with the Lender.

31. Thus, the Debtor desires to dismiss its pending Chapter 11 proceedings.

32. The Debtor believes, and therefore avers based upon the foregoing, that "cause" exists for dismissal, and that dismissal is in the best interest of its creditors.

33. The uncertainty of any recovery to unsecured creditors renders a conversion to a Chapter 7 impractical under the circumstances of this case.

34. Accordingly, the Debtor avers that dismissal and not conversion is in the best interests of creditors.

**WHEREFORE**, the Debtor prays this Honorable Court enters an order: (a) denying the Acting United States Trustee's Cross-Motion to Convert Case to a Chapter 7; (b) denying Kaman's request to adjourn the hearings and request to convert the case; (c) granting the

4849-0427-3033

Debtor's Motion to Dismiss the case without prejudice; and (d) providing such other and further relief as the Court deems just and equitable.

4849-0427-3033

## STATEMENT OF NO BRIEF REQUIRED

In accordance with D.N.J. LBR 9013-1(a)(3) no brief is being filed with respect to this Motion since the principles of law are set forth in the Motion and are not in dispute.

Respectfully Submitted,

Dated: February 23, 2019   By: */s/ Edmond M. George, Esquire*
　　　　　　　　　　　　　　　　Edmond M. George, Esquire
　　　　　　　　　　　　　　　　Angela L. Baglanzis, Esquire (*pro hac vice*)
　　　　　　　　　　　　　　　　OBERMAYER REBMANN MAXWELL & HIPPEL LLP
　　　　　　　　　　　　　　　　Woodland Falls Corporate Park
　　　　　　　　　　　　　　　　200 Lake Drive East, Suite 110
　　　　　　　　　　　　　　　　Cherry Hill, New Jersey 08002-1171
　　　　　　　　　　　　　　　　*Counsel to Computa-Base Machining, Inc.*