| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**Edmond M. George, Esquire**<br>**Angela L. Baglanzis, Esquire** (*pro hac vice*)<br>**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**<br>**Woodland Falls Corporate Park**<br>**200 Lake Drive East, Suite 110**<br>**Cherry Hill, NJ 08002-1171**<br>**Telephone: 856-795-3300**<br>*Counsel to the Debtor-in-possession* | |
| In re:<br><br>    COMPUTA-BASE MACHINING, INC.,<br><br>        Debtor. | Case No.:  18-30856<br>Chapter :  11<br>Hearing Date: February 28, 2019 at 10:00 am<br>Judge:  Andrew B. Altenburg, Jr. |

Order Filed on March 29, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER DISMISSING ITS
CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)**

The relief set forth on the following pages, numbered two (2) through (3) are **ORDERED.**

DATED: March 29, 2019

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

4846-1298-1646

Upon Consideration of the Motion of the Debtor for an Order Dismissing its Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) ("Motion to Dismiss") [Docket No. 56]; the Cross-Motion of the Acting United States Trustee for an Order Converting Case to Chapter 7 ("Cross-Motion") [Docket No. 57]; Kaman Industrial Technologies Corporation's ("Kaman") Response to the Motion to Dismiss and Cross-Motion ("Response") [Docket No. 68]; the Debtor's Opposition to the Cross-Motion and Reply in Further Support of the Motion to Dismiss ("Reply") [Docket No. 72]; the Debtor's Supplemental Certification of Agustin Rosado in Further Support of the Debtor's Motion to Dismiss [Docket No. 76]; and the Debtor's Certification of Stephen J. Scherf in Further Support of the Debtor's Motion to Dismiss [Docket No. 77]; and after Notice and opportunity for hearing; and the Debtor and Kaman having reached an agreement regarding Kaman's reclamation claim and other claims against the Debtor related to Invoice No. E571646, wherein Kaman has inspected the bearings and Kaman has accepted return of the bearings, and the Debtor having agreed to release any claims related to the deposit it paid to Kaman in exchange for Kaman's release of all claims against the Debtor relating to the underlying purchase order, and the bearings having in fact been returned to Kaman and receipt of bearings being confirmed by Kaman; and the Debtor having demonstrated that dismissal of its case best serves the interests of the Debtor and all creditors, and that converting the case to a Chapter 7 case is not in the best interest of the Debtor and its creditors; and the Court having found that "cause" exists pursuant to 11 U.S.C. § 1112(b)(1) to dismiss the Debtor's case; and therefore the Court determines that dismissal is in the best interest of the Debtor's creditors, it is

**ORDERED** that the Acting United States Trustee's Cross Motion for an Order Converting Case to Chapter 7 is **WITHDRAWN**; and it is further

2

4846-1298-1646

**ORDERED** that the Response and Opposition of Kaman is **WITHDRAWN**; and it is further

**ORDERED** that pursuant to 11 U.S.C. § 1112, Debtor's Chapter 11 case is hereby **DISMISSED**, without prejudice; and it is further

**ORDERED** that the Debtor shall file any and all outstanding monthly operating reports with the Court, provide disbursement information for March 2019 to the Office of the United States Trustee, and pay any and all statutory fees pursuant to 28 U.S.C. § 1930(a)(6), on or within thirty (30) days of the entry date of this Order; and it is further

**ORDERED** that in the event the Debtor fails to file any outstanding reports, provide disbursement information or pay statutory fees, any party-in-interest including the United States Trustee shall be able to file a certification of default seeking to automatically reopen the case and convert the case to chapter 7 on seven (7) business days' notice to the Debtor and counsel for the Debtor.